## Kate Quigley, Appellant, v. Ellis Swank.

*Evidence—Examination in chief—Previous declarations of witness.*

Evidence of previous declarations of a witness for plaintiff, confirmatory of his testimony, are not admissible in the presentation of plaintiff's case in chief.

*Evidence—Wife as claimant—Burden of proof.*

In a contest between a wife and a creditor of her husband it is competent to show the circumstances and income of the husband. The burden is upon the wife to show how she acquired title to the property as against her husband's creditor.

Argued Feb. 16, 1899. Appeal, No. 14, Feb. T., 1899, by plaintiff, from judgment of C. P. Sullivan Co., May T., 1897, No. 1, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.. Opinion by W. D. PORTER, J.

Trespass.   Before DUNHAM, P. J.

It appears from the record and evidence that plaintiff brought this action against the sheriff, claiming damages for levying upon and sale of certain property which the sheriff levied upon as the property of Andrew J. Quigley, her husband, at the suit of Thomas Fell.

Upon the trial of the case the court under objection by defendant rejected an offer by the plaintiff's counsel as follows: [The counsel for the defendant having upon the cross-examination of the witnesses for the plaintiff asked them as to the purchase of the carpet and such questions as would attack the validity of the title of the plaintiff to the carpet and other articles in question in this suit, counsel for the plaintiff now propose to ask this and other witnesses whether they heard Mrs. McGreever or Mrs. Quigley say anything about the title to the carpet and other property at any time before the sheriff's sale or before any controversy had arisen in regard to the title of the property in question in this suit.   This is offered in corroboration of the testimony of Mrs. McGreever and Mrs. Quigley; all of the declarations to be confined to a time prior to the sheriff's sale and before any question or controversy had arisen.] [1]

The court admitted testimony under the following offer of defendant: [Offer: Counsel for defendant propose to show by this and other witnesses that the husband of the plaintiff, Andrew J. Quigley, was engaged in a gainful occupation all this time of which plaintiff speaks, and propose to show the condition of her family at that time.   Objected to by plaintiff.   Objection overruled.   Exceptions to plaintiff.] [2]

Plaintiff submitted among others the following point:

[1. That if the jury believe the sewing machine was used in the family of Andrew Quigley, that it was exempt from levy and sale upon execution against him, and that if his wife used his money to pay for the machine by his knowledge or consent, that the title so acquired by her would not be a fraud upon Mr. Fell or any of the creditors of Andrew Quigley, and the jury under such circumstances should find a verdict for Mrs. Quigley, the plaintiff, for the full value of the sewing machine. *Answer:* This point, gentlemen, we do not affirm.   If the sewing machine was paid for with the money of Mr. Quigley, then

it would belong to him. If it was paid for with money that belonged to Mrs. Quigley, as we have instructed you, it would belong to her and she could maintain an action for it in this case, otherwise she could not. The evidence in this case shows that the defendant in the execution, A. J. Quigley, had waived the benefit of the exemption laws of the state of Pennsylvania, and having done that he waived his right to the sewing machine just as much as he did to any of the rest of the goods in this action, they all being of less value than $300.] [5]

Defendant submitted the following point:

[5. The evidence shows that the sewing machine was used for the benefit of the family of plaintiff's husband; and the fact that the lease for same was made with plaintiff would not give her title to the machine, unless the money paid for the same was earned by her in an independent business of a permanent character. *Answer:* This point we do not affirm as written. We say to you that if it was paid for by the money of plaintiff's husband, which was not the money of the plaintiff, earned by her by work done outside of the family, or in a business conducted by herself with her husband's consent and acquiescence, that then it would belong to plaintiff's husband, and plaintiff could not recover in this action for the machine.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1, 2) to rulings on evidence, reciting offers thereon. (4) To answers to defendant's fifth point, reciting point and answer. (5) In not affirming unqualifiedly plaintiff's first point, reciting point and answer.

*J. G. Scouten,* with him *A. J. Bradley* and *James W. Piatt,* for appellant.—Where a witness is contradicted, and evidence is given to impeach his character, evidence may be given of what he swore on a former trial of the cause, in order to corroborate his testimony: Henderson v. Jones, 10 S. & R. 322.

Where an attempt is made to discredit the statement of a witness, evidence is admissible to show that he had previously made a similar statement to other parties, not to show that the statement is true, but that it is not a fabrication of recent date: Hester v. Com., 85 Pa. 139; Zell v. Com., 94 Pa. 258.

We contend that even though the husband bought the ma-

chine with his own means, and gave it to the wife, it could not have been a fraud upon the creditors of the husband.    The act of assembly exempting sewing machines used by private fami-- lies from levy and sale, we think fully sustains this proposi- tion: Act of March 4, 1870, P. L. 35, sec. 1.

A man's creditors have no legal claim on his labor unless his earnings are realized and invested in some kind of property which can be reached by execution: Welch v. Kline, 57 Pa. 428.

The 1st section of the Act of June 3, 1887, P. L. 332, which provides that property of every kind owned, acquired or earned by a woman before or during her marriage shall belong to her and not to her husband, includes the wages of labor earned by a married woman: Lewis's Estate, 156 Pa. 337 ; Nuding v. Urich; 169 Pa. 289 ; Koechling v. Henkel, 144 Pa. 215.

Plaintiff's first point should have been affirmed as written and submitted without qualification.    The Act of March 4, 1870, P. L. 69, sec. 1, exempts all sewing machines used by private families from levy and sale.    A gift of a sewing ma- chine by a man to his wife would not be a fraud upon his creditors, even though there were no exemption law upon the subject: Gross's Estate, 6 Pa. C. C. 113.

*E. J. Mullen* and *John H. Cronin*, for appellee.

OPINION BY W. D. PORTER, J., November 20, 1899 :

This is an action of trespass brought against a sheriff to re- cover damages for an alleged wrongful sale of goods of the plaintiff, upon an execution in which her husband was the de- fendant.    About the time of the marriage of the plaintiff to Andrew Quigley, the latter became indebted to Thomas Fell, and, at the time said indebtedness was contracted, gave his judgment note for the same, waiving the benefit of all exemption laws. While this debt, with its waiver of exemption from execution, was in existence, the property which is the subject of this suit became a part of the furniture of the household which was the family home of plaintiff and her husband.    Fell entered judg- ment upon his note, execution was issued and a levy made, and, thereupon, the plaintiff served a written notice upon the sheriff that she was the owner of the property, and he must not sell

it. The sheriff sold the property, and plaintiff brought this action.

At the trial, the plaintiff offered evidence as to her own declarations and those of a witness called in her behalf, made to outside persons prior to the sheriff's sale, as to the ownership of the property. The offer was stated to be for the purpose of corroborating the testimony of the plaintiff and her witness, and was made during the introduction of the plaintiff's evidence in chief. Objection was made and, " for the present," the court sustained the objection. This ruling is the subject of complaint in the first specification of error. It is true that, under certain circumstances, the previous declarations of a witness, consistent with his present testimony, are admissible when the credit of the witness has been impeached by attacking his character, when his testimony is impugned by contradictory proof and when evidence has been produced tending to establish that his testimony is of recent fabrication, or that he has made declarations inconsistent with his evidence at the trial. Such declarations are not admissible until the character of the witness has been impeached or his testimony attacked or contradicted. To relax the rule would open a way for the manufacture of evidence without limit. Evidence of previous declarations of a witness for plaintiff, confirmatory of his testimony, are not admissible in the presentation of plaintiff's case in chief: Henderson v. Jones, 10 S. & R. 322 ; Craig v. Craig, 5 Rawle, 91 ; McKee v. Jones, 6 Pa. 425 ; Bricker v. Lightner, 40 Pa. 199 ; Hester v. Commonwealth, 85 Pa. 139 ; Zell v. Commonwealth, 94 Pa. 258 ; Clever v. Hilberry, 116 Pa. 431. The first specification of error is not well founded.

The plaintiff having introduced evidence tending to show that her husband was very reckless and could not buy the property in question, the court permitted the defendant to prove, under exception, that the husband was engaged in a gainful occupation and made good wages. The admission of this evidence is the subject of the second and third specifications of error. That the ruling of the learned court below was correct is too clear to require discussion. The plaintiff had opened wide the door for evidence of this character, and, in spite of the fact that this evidence was produced, it is stated in the history of the case, printed in the paper-book of plaintiff, that " she

found that her husband was becoming reckless and it became necessary for her to make provision for the maintenance of herself and family." In a contest between a wife and a creditor of her husband as to the ownership of property found in the possession of the husband, it is competent to show the circumstances and income of the husband: Covanhovan v. Hart, 21 Pa. 495. Both these specifications must fall.

The fourth specification of error is based upon the answer of the court to defendant's fifth request for instructions. The point asked the court to charge that the plaintiff could not acquire title to the property " unless the money paid for the same was earned by her in an independent business of a permanent character." The court refused to so charge, but said to the jury that, if the property was paid for by the money of the husband, the plaintiff could not recover. This answer did the plaintiff no harm, for the burden was upon her to show how she had acquired title to the property as against her husband's creditor; this she undertook to do by producing evidence tending to show that she had bought the property with money received by her for work which she had done outside the family and from a business conducted by herself with her husbands' consent and acquiescence. The court instructed the jury that, if they believed this evidence, the plaintiff was entitled to recover, and the whole tenor of the charge was to leave the case to the jury upon this question of fact.

The fifth specification of error complains of the answer of the court to the first point submitted by plaintiff. The point might very properly have been refused without explanation or qualification. There was no evidence whatever that the wife used the money of her husband, with his knowledge or consent, to buy the sewing machine and take the title for herself, nor that he gave her the machine after it had been purchased with his money. The evidence did not present a case of a gift by the husband to the wife of property which was by law exempt from execution, and Holmes v. Tallada, 125 Pa. 133, and kindred cases have no application to such a state of facts. The burden was upon the plaintiff to show title in herself; she could not recover by showing that property of her husband, which was by law exempt from execution, had been sold by the sheriff. She attempted to show title from sources entirely independent of

her husband, the jury found against her upon the question of fact and the judgment is not to be reversed upon theories which have no foundation in the evidence.

Judgment affirmed.